IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 1:05cr32-WHA |
| | ) | (WO) |
| RALPH LINGO | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This cause is before the court on Objections to the Recommendation of the Magistrate Judge.

The facts of this case have been set forth more fully in the Recommendation of the Magistrate Judge.  In summary, the Defendant, Ralph Lingo ("Lingo"), who has a prior felony conviction for receiving stolen property, is charged in a one-count indictment with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  His residence was searched pursuant to a warrant issued by a state court judge.  The affidavit provided to secure the warrant recites various facts connecting Lingo to crimes, and states that it is based on three independent witnesses, personal knowledge, and experience.  During the search, officers found three firearms.  On December 15, 2005, the defendant filed a motion to suppress (Doc. # 27) the firearms as evidence.

The Magistrate Judge held an evidentiary hearing on the motion to suppress on January 17, 2006, and a supplemental evidentiary hearing on February 21, 2006.  The Magistrate Judge determined that the search at issue was conducted pursuant to a search warrant, that the affidavit provided by law enforcement to secure the search warrant was not sufficient to establish probable cause, but that the good faith exception in *United States v. Leon*, 468 U.S. 897 (1984) applies, so that the motion to suppress should be denied.

## II.  STANDARD OF REVIEW

A district court makes a de novo determination of the portions of the Magistrate Judge's report or specified proposed findings of fact or recommendations as to which objection is made. 28 U.S.C. § 636 (b)(1).  This court has conducted a *de novo* review of the Recommendation, including reading the transcripts of the two evidentiary hearings, examining the exhibits, and fully considering the objections of the Defendant.

A district court judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings.  *United States v. Raddatz*, 447 U.S. 667, 680 (1980).  It has been noted that "[I]mplicit in *Raddatz* is a recognition that the credibility findings of a magistrate, who personally observed and listened to the testimony of live witnesses, may be accepted unless the district judge, in his de novo review, finds reason to question the magistrate's assessment of the evidence." *Blizzard v. Quillen*, 579 F. Supp. 1446, 1449 (D. Del. 1984); see also Buckley v. McGraw-Hill, Inc., 762 F. Supp. 430, 435 (D. N.H. 1991).

## III.  DISCUSSION

Lingo objects to the Recommendation of the Magistrate Judge on the bases that the search at issue was conducted before the search warrant was issued, and, even assuming a search warrant was secured before the search, the *Leon* good faith exception does not apply in this case.

After reviewing the record and reading the transcripts of the evidentiary hearings, the court makes an independent factual determination and agrees with the Magistrate Judge's credibility assessments.

The court finds no reason to question the findings of the Magistrate Judge or to order a new evidentiary hearing to take additional evidence.   See *United States v. Veteto*, 701 F.2d 136,

140 (11th Cir. 1983), *cert. denied*, *Wescott v. U.S.*, 463 U.S. 1212 (1983) [1]; *United States v. Cofield*, 272 F.3d 1303 (11th Cir. 2001).[2]

Upon *de novo* review of the entire record in this case, this court accepts the factual findings of the Magistrate Judge that Sergeant Luker obtained a search warrant on the date of the search, and that he obtained the warrant before searching Lingo's home. Also upon *de novo* review of the entire record in this case, the court concurs in the Magistrate Judge's assessment, based on the totality of the circumstances, which include the detailed information provided to the state court judge in the affidavit by Sergeant Luker, and the corroboration of information by independent witnesses and independent investigation, that the *Leon* good faith exception applies in this case.

### IV. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Objections are OVERRULED.

2. The court ADOPTS the Recommendation of the Magistrate Judge.

3. Defendant's Motion to Suppress is DENIED.

Done this 24th day of May, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON

---

[1] "If the district court concurs with the magistrate's recommendation, it need not hold another evidentiary hearing, even where the credibility of certain witnesses might be an important factor in making the determination." *Id.*

[2] "In *United States v. Raddatz* (citation omitted), the Supreme Court held that a district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings."

                                                Senior United States District Judge